_____**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EPHRAIM JEOPHAT THOMAS,      :     CIVIL NO. **3:05-CV-0376**
                           :
            Petitioner   :     (Judge Caputo)
                           :
        v.           :     (Magistrate Judge Smyser)
                           :
ALBERTO GONZALEZ, Attorney   :
General of the United States, :
and THOMAS DEXTER, Acting    :
District Director of         :
Immigration and Customs     :
Enforcement;              :
           Respondents   :

## REPORT AND RECOMMENDATION

On February 22, 2005, the petitioner, an alien in the custody of the United States Bureau of Immigration and Customs Enforcement (ICE)[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner claims that his continued detention is unlawful.

_____

[1]

     On March 1, 2003, the Immigration and Naturalization Service (INS) was abolished and its functions were transferred to the Department of Homeland Security. Under the Department of Homeland Security, the ICE is responsible for the investigative and enforcement functions of the former INS.

By an Order dated February 24, 2005 the respondents were
ordered to show cause on or before March 17, 2005 why the
petitioner should not be granted habeas corpus relief.  The
Order of February 24th also provided that the petitioner may
file a reply to the response within ten days of the filing of
the response.

The respondents filed a response to the petition for a writ
of habeas corpus on March 17, 2005.  On April 4, 2005, the
petitioner filed a reply.

The petitioner is a native and citizen of Aruba. *See
Doc. 5, Exhibit A.*   The petitioner entered the United States in
either 1974 or 1976.[2]   By an Order to Show Cause and Notice of
Hearing dated October 1, 1992, the petitioner was charged with
being subject to deportation from the United States pursuant to
the Immigration and Nationality Act for being convicted of two
crimes involving moral turpitude and for being convicted of an
aggravated felony. *Doc. 5, Exhibit A.*

---

[2]

The petitioner states in his petition that he migrated to
the United States in 1974. *Doc. 1 at ¶4.*  The Order to Show
Cause and Notice of Hearing issued by the INS alleges that the
petitioner entered the United States on January 13, 1976. *Doc.
5, Exhibit A.*

By an Order dated July 27, 1994, an Immigration Judge ordered the petitioner deported from the United States to Aruba. *Doc. 5, Exhibit E.*  The petitioner waived his right to appeal to the Board of Immigration Appeals. *Id.*

After he served his criminal sentence, the petitioner was taken into custody by the ICE on November 26, 2004. *Doc. 1 at ¶7.*

The ICE reviewed the petitioner's custody status and by a decision dated February 26, 2005 informed the petitioner that he will not be released from custody at this time. *Doc. 5, Exhibit F.*   The Decision provides, in pertinent part:

> *We are currently working closely with the*
> *Embassy of St. Kitts and the Netherlands*
> *Consulate for the issuance of a travel document.*
> *It appears that a travel document is obtainable*
> *in the foreseeable near future.  A review of*
> *your criminal history, which includes a*
> *conviction for murder and robbery, does not*
> *support your being released from custody at this*
> *time.  Although you have two letters of support*
> *from your family members, you have not provided*
> *any information to show that you are attempting*
> *to better yourself while incarcerated.  In fact,*
> *you have had numerous conduct infractions while*
> *in New York State custody.*
>
> *Based on the above, you are to remain in ICE*
> *custody pending your removal from the United*

States.  You are advised that you must
demonstrate that you are making reasonable
efforts to comply with the order of removal, and
that you are cooperating with ICE's efforts to
remove you by taking whatever actions ICE
requests to effect your removal.  You are also
advised that any willful failure or refusal on
your part to make timely application in good
faith for travel or other documents necessary
for your departure, or any conspiracy or actions
to prevent your removal or obstruct the issuance
of a travel document, may subject you to
criminal prosecution under 8 USC Section
1253(a).

If you have not been released or removed from
the United States by *May 25, 2005*, jurisdiction
of the custody decision in your case will be
transferred to the Headquarters Post Order Unit
(HQPDU), 801 I St. NW, Washington, DC 20536.
HQPDU will make a final determination regarding
your custody.

*Id.*


Before addressing the petitioner's claim, we will
address the issue of the proper respondent.  The petitioner has
named as respondents in this case Attorney General Alberto
Gonzalez and Thomas Dexter, Acting District Director of ICE.


A petition for a writ of habeas corpus must be brought
against the petitioner's custodian, and the court considering
the petition must have jurisdiction over that custodian.

*Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988);
*see also Braden v 30th Judicial Cir. Ct.*, 410 U.S. 484, 495
(1973).

The respondents contend that in immigration habeas
proceedings the proper respondent is the ICE's Field Office
Director of the district where the alien is detained.  However,
the United States Court of Appeals for the Third Circuit has
held that it is the warden of the prison where the detainee is
held who is considered the custodian for purposes of a habeas
action. *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994).

The petitioner in this case is detained at the Pike
County Correctional Facility.  It is the warden of that facility
who is the petitioner's custodian and it the warden who is the
proper respondent in this case.  We will recommend that the
Warden of the Pike County Correctional Facility be substituted
as the respondent in this case.

The petitioner claims that his continued detention is
unlawful.

Pursuant to 8 U.S.C. § 1226(c) & § 1231(a)(2), the Attorney General generally must detain inadmissible and criminal aliens during removal proceedings and during the initial 90 day removal period following the entry of a final order of removal. 8 U.S.C. § 1231(a)(6) authorizes the Attorney General, after the 90-day removal period, to detain inadmissible and criminal aliens and any alien the Attorney General has determined "to be a risk to the community or unlikely to comply with the order of removal."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), in order to avoid reading the statute in a manner that raised serious constitutional concerns, the Court construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit "reasonable time" limitation. *Id.* at 689. The Court read the statute to limit a resident alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.* at 699. The Court further adopted a presumption that detention for up to six months is reasonable. *Id.* at 701. After that six month period, once the alien has provided good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the INS must respond with evidence sufficient to rebut that showing or release the alien subject to terms of supervision. *Id.*  In *Clark v. Martinez,* 125 S.Ct. 716, 727 (2005), the Supreme Court held that the construction of 8 U.S.C. § 1231(a)(6) and the six-month presumptive detention period adopted in *Zadvydas* applies in cases of inadmissible aliens as well as resident aliens.

The respondents assert that the six-month period of detention that the Court in *Zadvydas* determined to be reasonable will not end until May 26, 2005 and that the petitioner's detention until that date is presumptively reasonable under *Zadvydas.*  The respondents contend that the petition should be dismissed as premature.

The petitioner argues that there is no significant likelihood of removal in the reasonably forseeable future and to continue to detain him until the six-month period elapses is arbitrary.  To support his contention that there is no significant likelihood of removal in the reasonably foreseeable future, the petitioner points to three letters which he asserts indicate that travel documents will not be issued in his case.

7

The first letter relied on by the petitioner is a letter to him dated December 23, 2004 from a consular officer with the Netherlands Consulate General. *Doc. 6, Exhibit A.*  This letter informs the petitioner that the authorities of Aruba have established that he is not a citizen of the Netherlands and that according to their records he received only British nationality at birth. *Id.*  The letter advises the petitioner to contact the Consulate General of the United Kingdom if he has any questions. *Id.*

The second letter relied on by the petitioner is a letter to him dated January 5, 2005 from a consular officer with the British Consulate-General. *Doc. 6, Exhibit B.*  This letter informs that petitioner that unless he was naturalized as a British Citizen the British Consulate-General is unable to assist him. *Id.*   The letter suggests that the petitioner contact the Mission of St. Kitts. *Id.*

The third letter relied on by the petitioner is a letter to an ICE officer dated February 17, 2005 from a consular officer with the Netherlands Consulate General. *Doc. 6, Exhibit C.*  This letter states that based on the information currently

8

available the Consulate Generals has concluded that the petitioner is not a national of the Netherlands.  *Id.*

The letters submitted by the petitioner indicate the reasons why travel documents have not yet been issued in the petitioner's case.   However, the ICE asserts (in the Decision to Continue Detention dated February 26, 2005) that it is currently working closely with the Embassy of St. Kitts and with the Netherlands Consulate for the issuance of a travel document. Given the ICE's assertion that it is working toward the issuance of a travel document, we can not conclude that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  Accordingly, it will be recommended that the petition for a writ of habeas corpus be denied with the understanding that if the petitioner is not removed or released on or before May 26, 2005 he may renew his request for habeas relief.

Based on the foregoing, it is recommended that the Warden of the Pike County Correctional Facility be substituted

as the respondent in this case, that the petition for a writ of

habeas corpus be denied, and that the case file be closed.


_____   */s/ J. Andrew Smyser*

                                          J. Andrew Smyser
                                          Magistrate Judge

Dated:  April 22, 2005.